UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES M. MAGIN | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| PRESSLER & PRESSLER, LLP | |
| | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, James M. Magin, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.  INTRODUCTORY STATEMENT**

1. Plaintiff, James M. Magin, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.  JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff lives in this District and the Defendant maintains a primary location in this District.

### III.  PARTIES

4. Plaintiff, James M. Magin, is an adult natural person residing at 609 Chestnut Avenue, Woodbury Heights, New Jersey 08097-1603.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Pressler & Pressler, LLP, ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State New Jersey with an office located at 7 Entin Road, Parsippany, New Jersey 07054.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. On or about January 25, 2011, Plaintiff with assistance from his personal legal counsel entered into a debt settlement arrangement with the Defendant on a debt allegedly owed on a Discover Bank account.  **See "EXHIBIT A" (settlement letter) attached hereto**.

8. Plaintiff agreed to pay the Defendant $4,300.00 as settlement in this matter.

9. Plaintiff was to pay the initial payment of $2,800.00 on or before January 28, 2011.

10. Plaintiff would then pay the Defendant $300.00 on the 25th of each month until the balance was paid in full.

11. Plaintiff was informed that the Defendant would also accept payments made on-line to their web-site www.paypressler.com.

12. On or about January 28, 2011, as agreed, Plaintiff made his first payment to the Defendant in the amount of $2,800.00 on Defendant's website.

13. Defendant received an accepted this payment.

14. Over the next five (5) months, Plaintiff continued to make payments of $300.00 monthly as agreed upon on-line.

15. Defendant falsely claims that they did not receive these payments.

16. Defendant later clarifies that it did indeed receive Plaintiff's June, 2011 payment.

17. Despite all payments being made as promised on or about June 9, 2011, Defendant continued to misuse civil process when it issued a Notice of Application for Wage Execution.  **See "EXHIBIT B" (notice) attached hereto**.

18. Defendant in its greed attempted to obtain a money from Plaintiff that was not due a new balance emerged of $1,949.43 from the Plaintiff.

19. The Defendant was in violation of the FDCPA when they initiated such an intrusive solution to handle the collection of a debt that was already paid in full.

20. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

        §§ 1692d:    Any conduct that natural consequence of which is to harass, oppress or abuse any person

        §§ 1692e:    Any other false, deceptive or misleading representation in connection with debt collection

§§ 1692e(2):   Character, amount, or legal status of the alleged debt

§§ 1692e(4):   Non-payment of debt will result in seizure, garnishment, or attachment

§§ 1692e(5):   Threaten to take action that cannot legally be taken or that is not intended to be taken

§§ 1692e(10):  Any false representation or deceptive means to collect a debt

§§ 1692f:      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Pressler & Pressler, LLP, for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                              **Respectfully submitted,**

                                              **WARREN & VULLINGS, LLP**

**Date:  October 11, 2011**       **BY:  _/s/  Bruce K. Warren_**
                                   Bruce K. Warren, Esquire


                                   **BY:  _/s/  Brent F. Vullings_**
                                   Brent F. Vullings, Esquire

                                   Warren & Vullings, LLP
                                   93 Old York Road
                                   Suite 333
                                   Jenkintown, PA 19046
                                   215-745-9800   Fax 215-745-7880
                                   Attorneys for Plaintiff